***E-FILED - 9/8/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMAI JOHNSON, | ) | No. C 02-4632 RMW (PR) |
| Petitioner, | ) ) | ORDER RE-OPENING CASE; ORDER TO SHOW CAUSE |
| vs. | ) ) ) | |
| WARDEN RUNNELS, et al., | ) ) | (Docket No. 23) |
| Respondents. | ) ) | |

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 30, 2003, petitioner filed a motion to stay this action so that he could add two additional claims. On November 24, 2003, petitioner filed an amended petition. On September 16, 2004, the court granted petitioner a motion to stay his amended petition. On November 29, 2004, petitioner filed a second amended petition and several motions. On September 28, 2005, the court resolved those motions and reiterated its grant of petitioner's motion to stay.

On July 24, 2009, petitioner filed a third amended petition and a motion notifying the court that the California Supreme Court never notified him about the denial of his state habeas petition. The court construes petitioner's motion as a motion to lift the stay and re-open this

action. Accordingly, the court will GRANT petitioner's motion to lift the stay and RE-OPEN the instant action. The court also orders the clerk to file petitioner's third amended petition. The court further orders respondent to show cause why the third amended petition should not be granted.

## BACKGROUND

Petitioner was convicted in Alameda County Superior Court of five counts of assault with a deadly weapon and related charges. Petitioner was sentenced to thirty-one years and eight months. On June 27, 2001, the state appellate court affirmed the judgment. On September 12, 2001, the state supreme court denied a petition for review. Petitioner applied for post-conviction relief using the state habeas process without success.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Cognizable Claims

As grounds for federal habeas relief, petitioner claims: (1) the trial court determined aggravating circumstances to be true, improperly increasing petitioner's sentence beyond the maximum authorized by the jury verdict; (2) the prosecutor engaged in racial discrimination during jury selection, in violation of Batson/Wheeler; (3) the trial court's sentencing of petitioner to one-third of the upper term rather than the mid-term for consecutive sentences violated petitioner's federal rights; (4) the admission of gang-related evidence violated petitioner's federal rights; (5) the trial court erred in admitting in-court identification because the initial identification of petitioner resulted from a suggestive identification procedure and violated his

federal rights; (6) the trial court's denial of his motion for a directed verdict violated petitioner's right to due process; (7) the trial court's refusal to give defense instructions 2 - 6 and giving CALJIC 5.51 and 5.52 instead violated petitioner's right to due process; (8) the trial court erred in instructing the jury pursuant to the prosecution's special jury instruction #1; (9) the trial court erred by modifying CALJIC 9.00, 9.01, and 9.02 and the transferred intent doctrine; (10) appellate counsel were ineffective; and (11) the trial court erred in imposing a restitution fine because there was insufficient evidence of petitioner ability to pay. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The clerk shall lift the stay and administratively RE-OPEN this action. The clerk shall FILE petitioner's third amended petition.

2. The clerk shall serve by mail a copy of this order and the third amended petition (docket no. 24), and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within **ninety days** of the filing date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the filing date of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the filing date of this order. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-

1  opposition within **thirty days** of the filing date of the motion, and respondent shall file with the
2  court and serve on petitioner a reply within **fifteen days** of the filing date of any opposition.
3       5.   It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
4  all communications with the court must be served on respondent by mailing a true copy of the
5  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
6  change of address by filing a separate paper captioned "Notice of Change of Address."  He must
7  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
8  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
9       This order terminates docket no. 23.
10      IT IS SO ORDERED.
11 Dated:   9/4/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Re-Opening Case; Order to Show Cause
P:\PRO-SE\SJ.Rmw\Hc.02\Johnson632reopen.wpd       4