1
2
3
4
5                                          *E-FILED - 6/29/10*
6
7
8
                              IN THE UNITED STATES DISTRICT COURT
9
                          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  JAMAI JOHNSON,                          )    No. C 02-4632 RMW (PR)
                                            )
12                  Petitioner,             )    ORDER GRANTING IN PART AND
                                            )    DENYING IN PART
13      vs.                                 )    RESPONDENT'S MOTION TO
                                            )    DISMISS AS UNTIMELY;
14                                          )    FURTHER SCHEDULING ORDER
    JOHN W. HAVILAND, Warden,               )
15                                          )
                    Respondent.             )    (Docket No. 30)
16  _____)

17
18          Petitioner, a California prisoner proceeding pro se, filed a third amended petition for a
19  writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions and sentence.
20  Respondent filed a motion to dismiss the petition as untimely.  Petitioner filed an opposition and
21  a supplement to add an exhibit to his opposition, and respondent filed a reply.  Based upon the
22  papers submitted, the court will GRANT in part and DENY in part respondent's motion to
    dismiss.
23
24                                      BACKGROUND[1]
25          On March 20, 2000, petitioner was convicted of five counts of assault with a firearm and
26  two counts of possessing drugs for sale.  On June 27, 2001, the California Court of Appeal
27  _____
        [1]The procedural history is not disputed by the parties.
28
    Order Granting in Part and Denying in Part Respondent's Motion to Dismiss as Untimely; Further Scheduling Order
    P:\PRO-SE\SJ.Rmw\HC old\Hc.02\Johnson632mtdtime.wpd

1    affirmed.  On September 12, 2001, the California Supreme Court denied a petition for review.

2    On April 15, 2002, the United States Supreme Court denied a petition for writ of certiorari.

3         On May 3, 2002, petitioner filed a state habeas petition in superior court.[2]  On May 20,

4    2002, the superior court denied the petition.  On May 30, 2002, petitioner filed a state habeas

5    petition in the California Court of Appeal.  On June 5, 2002, the California Court of Appeal

6    denied it.  On July 3, 2002, petitioner filed a state habeas petition in California Supreme Court.

7    On September 5, 2002, prior to receiving an order from the California Supreme Court, petitioner

8    filed an original federal petition in this action, raising nine claims.  On February 19, 2003, the

9    California Supreme Court denied his state petition.

10        On September 16, 2003, petitioner filed a motion to modify his sentence in superior

11   court.  That motion was denied on September 25, 2003.  On October 22, 2003, this court

12   dismissed several of petitioner's claims in his federal petition for writ of habeas corpus for

13   failure to state a claim and granted petitioner leave to amend his petition.  On November 5, 2003,

14   petitioner filed a state habeas petition in the California Court of Appeal.  On November 20,

15   2003, petitioner filed his first amended petition in this action, raising eleven claims.  A few days

16   later, the California Court of Appeal denied petitioner's habeas petition on November 24, 2003.

17   On December 22, 2003, petitioner filed a state habeas petition in California Supreme Court.

18   California Supreme Court denied it on October 27, 2004.

19        Thereafter, on November 29, 2004, petitioner filed a second amended petition in this

20   action, adding two claims.  On February 5, 2005, petitioner filed another state habeas petition in

21   California Supreme Court, which was denied on December 21, 2005.

22        On July 24, 2009, petitioner filed the underlying third amended petition.

23                                    **DISCUSSION**

24        Respondent moves to dismiss seven of petitioner's eleven claims in his third amended

25

26        [2]  For purposes of all of petitioner's "filing" dates, the court is using the dates petitioner
27   signed his petitions rather than the courts' file-stamped dates.  See Houston v. Lack, 487 U.S.
     266, 276 (1988).
28

petition as untimely.  Specifically, he argues that even with statutory tolling, seven claims in petitioner's third amended petition do not relate back to petitioner's timely originally filed petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

Where, as here, the petition challenges a final judgment of the state court, 28 U.S.C. § 2244(d)(1)(A) applies, and the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  Id. § 2244(d)(1)(A).   Here, the United States Supreme Court denied a petition for writ of certiorari on April 15, 2002.  (Resp. Ex. 2.)  The statute of limitations began running the next day, April 16, 2002.  See Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002).  Petitioner's federal habeas petition was due on April 15, 2003.  Although petitioner filed his original petition on September 5, 2002, he filed the operative third amended petition on July 24, 2009.  Thus, absent tolling, the third amended petition is untimely.

A.    Statutory Tolling

Respondent asserts that petitioner is entitled to statutory tolling only from the time petitioner filed his habeas petition in the superior court through the date the California Court of Appeal denied his petition.  Respondent argues that petitioner is not entitled to tolling for the

1   time petitioner was seeking collateral relief in the California Supreme Court because petitioner

2   "substantially delayed" seeking relief and because the California Supreme Court denied the

3   petition as untimely.  Respondent concludes that the statute of limitations period ended on May

4   18, 2003.

5       Respondent's argument is contrary to established federal law.

6       The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during

7   which a properly filed application for State post-conviction or other collateral review with

8   respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  For example,

9   the statute remains tolled for state prisoners during the intervals between the issuance of a

10  decision in a state collateral proceeding and the filing of a petition seeking the next highest level

11  of state collateral review.  See Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999).  As applied

12  to California's post-conviction procedure, the Supreme Court held that the statute of limitations

13  is tolled from the time the first state habeas petition is filed until the California Supreme Court

14  rejects the petitioner's final collateral challenge.  Carey v. Saffold, 536 U.S. 214, 220, 223

15  (2002).

16      The circumstances under which a state petition will be deemed "pending" for purposes of

17  § 2244(d)(2) is a question of federal law.  Welch v. Carey, 350 F.3d 1079, 1080 (9th Cir. 2003)

18  (en banc).  An application for collateral review is "pending" in state court "as long as the

19  ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that

20  process."  Carey, 536 U.S. at 219-20.  In other words, until the application has achieved final

21  resolution through the State's post-conviction procedures, by definition it remains "pending."

22  Id. at 220.

23      In California, the time between a lower court decision and a filing of a new petition in a

24  higher court is treated as time the petition is "pending" as long as the petitioner did not

25  "unreasonably delay" in seeking review.  Id. at 221-23.  Nino concluded that the limitations

26  period "remains tolled during the intervals between the state court's disposition of a state habeas

27  petition and the filing of a petition at the next state appellate level."  Nino, 183 F.3d at 1005.

28

After <u>Carey</u>, this means that a state habeas petition is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court. <u>Biggs v. Duncan</u>, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation and internal quotations marks omitted). Thus, a federal court must determine whether a petitioner "delayed 'unreasonably' in seeking [higher state court] review." <u>Carey</u>, 536 U.S. at 225. If so, the application would no longer have been "pending" during the period at issue. <u>Id.</u>

If the state court clearly rules that a petitioner's delay was "unreasonable," that is the end of the matter, regardless of whether it also addressed the merits of the claims, or whether its timeliness ruling was "entangled" with the merits. <u>Id.</u> at 226; <u>see, e.g.</u>, <u>Thorson v. Palmer</u>, 479 F.3d 643, 645 (9th Cir. 2007) (denial of petition with citation to <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998), which discusses timeliness determinations was clear denial on timeliness grounds and therefore petition was neither "properly filed" nor "pending"). If the state court does not clearly rule on a petitioner's delay, the federal court must evaluate all "relevant circumstances" and independently determine whether the delay was "unreasonable." <u>Carey</u>, 536 U.S. at 226.

Respondent alleges that the California Supreme Court's citation to <u>In re Swain</u>, 34 Cal. 2d 300, 304 (1949) indicated the California court rejected the petition on timeliness grounds. The court disagrees.

Here, the California Supreme Court denied petitioner's petition with citations to <u>In re Dixon</u>, 41 Cal. 2d 756 (1956), <u>In re Swain</u>, 34 Cal. 2d 300, 304 (1949), and <u>In re Duvall</u>, 9 Cal. 4th 464, 474 (1995).[3]   In California, a <u>Swain</u>/<u>Duvall</u> dismissal affords the petitioner the opportunity to refile an amended pleading that "allege[s] with sufficient particularity the facts warranting habeas relief." <u>King v. Roe</u>, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam), <u>abrogated on other grounds by</u> <u>Evans v. Chavis</u>, 546 U.S. 189 (2006), <u>as recognized by</u> <u>Waldrip</u>

---

[3]   <u>In re Dixon</u> provides that to bring a claim in a state habeas corpus action a petitioner must first, if possible, have pursued the claims on direct appeal from his or her conviction unless the claim falls within certain exceptions. <u>See</u> <u>Park v. California</u>, 202 F.3d 1146, 1151 (9th Cir. 2000). <u>In re Duvall</u> provides that a petition must state the grounds for his release with particularity and include supporting documentary evidence.

v. Hall, 548 F.3d 729 (9th Cir. 2008); see also Gaston v. Palmer, 417 F.3d 1030, 1039 (9th Cir. 2005) (characterizing a denial order based on Swain and Duvall as the equivalent of "the grant of a demurrer with leave to refile" under California law, namely, "a holding that [the petitioner] has not pled facts with sufficient particularity"), as modified on other grounds by 447 F.3d 1165 (9th Cir. 2006).

In re Swain can also potentially stand for the proposition that a petition is untimely, which is what respondent urges this court to conclude. See In re Swain, 34 Cal. 2d at 304 (requiring a petitioner to "allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts"). Even with that interpretation, at best, the citation to Swain gives no "*clear* indication that a particular request for appellate review was timely or untimely." Chavis, 546 U.S. at 197 (emphsis added). In such cases, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

Here, the filing dates of petitioner's state pleadings do not show unreasonable delay. Petitioner filed his state habeas petition to the California Supreme Court twenty-seven days after the California Court of Appeal denied his state habeas petition and less than three months after the United States Supreme Court denied a petition for writ of certiorari on direct review. In this case, it appears that petitioner filed his state court habeas petition within a reasonable time, and when considered in light of the state supreme court's supplemental citation to Duvall as well as Ninth Circuit authority indicating the same, the court concludes that the California Supreme Court cited Swain for the proposition that petitioner did not plead his habeas petition with sufficient particularity rather than for the proposition that the petition was untimely. Cf. Chavis, 546 U.S. at 201 (recognizing most states provide 30-60 days for the filing of an appeal).

Thus, applying the federal law, petitioner's statute of limitations began running on April 16, 2002, the date after certiorari was denied. Petitioner filed his first state habeas petition in the superior court on May 3, 2002. At that point, the statute had run for 18 days. Petitioner is

Order Granting in Part and Denying in Part Respondent's Motion to Dismiss as Untimely; Further Scheduling Order
P:\PRO-SE\SJ.Rmw\HC old\Hc.02\Johnson632mtdtime.wpd

6

1   entitled to statutory tolling from May 3, 2002, the date petitioner filed a state habeas petition in

2   superior court, through February 19, 2003, the date California Supreme Court denied his state

3   habeas petition.  Petitioner did not file any another state petition until September 16, 2003.  By

4   September 16, 2003, petitioner's statute of limitations had run another 209 days -- from February

5   20, 2003 through September 16, 2003.  At this point, petitioner's statute of limitations had run

6   for 227 days (18 days + 209 days), leaving 138 days (365 days - 227 days) left to file his federal

7   petition.

8           On September 16, 2003, petitioner filed a motion to modify his sentence in superior

9   court.  This was denied on September 25, 2003.  On November 5, 2003, petitioner filed a habeas

10  petition in the California Court of Appeal, which was denied on November 24, 2003, with a

11  citation to Duvall.  Just a few days before, on November 20, 2003, petitioner filed his first

12  amended federal habeas petition.  On December 22, 2003, petitioner filed a petition in California

13  Supreme Court, which was denied on October 27, 2004, with a citation to, *inter alia*, In re

14  Robbins, 18 Cal. 4th 770, 780 (1998).  In re Robbins stands for the proposition that petitioner's

15  petition is untimely.  See Thorson, 479 F.3d at 645.  Because an untimely filed state habeas

16  petition is not "properly filed," it is not entitled to statutory tolling.  See Pace v. DiGuglielmo,

17  544 U.S. 408, 412-13 (2005).  Thus, petitioner's statute of limitations began to run again on

18  November 25, 2003, the day after the California Court of Appeal denied his petition.  With 138

19  days left to file petitioner's petition, his statute of limitations ran on April 11, 2004.

20          Accordingly, petitioner's third amended petition, filed on July 24, 2009, is untimely

21  unless the claims in petitioner's third amended petition relate-back to any timely filed claims, see

22  Fed. R. Civ. P. 15(c); Mayle v. Felix, 545 U.S. 644, 659, 662-64 (2005) (allowing new claims to

23  relate back to timely pending claims if they share a "common core of operative facts").[4]

24  ///

25

26          [4] Although equitable tolling may be available in limited cases, see Pace v. DiGuglielmo,

27  544 U.S. 408, 418 (2005), there is no argument or indication that petitioner is entitled to
    equitable tolling in this case.

28
    Order Granting in Part and Denying in Part Respondent's Motion to Dismiss as Untimely; Further Scheduling Order
    P:\PRO-SE\SJ.Rmw\HC old\Hc.02\Johnson632mtdtime.wpd

1    B.    <u>Relation-back</u>

2         Respondent claims that petitioner's third amended petition only contains four claims out

3    of eleven that are timely and relate back to the original petition.  However, for the reasons that

4    follow, the court concludes that only three of petitioner's eleven claims in his third amended

5    petition are untimely and must be dismissed.

6         Amendments made after AEDPA's one-year statute of limitations has run relate back to

7    the date of the original pleading if the original and amended pleadings "'ar[i]se out of the

8    conduct, transaction, or occurrence.'" <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005) (quoting Fed. R.

9    Civ. P. 15(c)(2)).  "An amended habeas petition . . . does not relate back (and thereby escape

10   AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that

11   differ in both time and type from those the original pleading set forth." <u>Id.</u> at 650 (finding that

12   new coerced confession claim did not relate back to the original petition that raised only a

13   factually distinct Confrontation Clause claim).   Rather than allow relation back for any new

14   claim, the court will "allow relation back only when the claims added by amendment arise from

15   the same core facts as the timely filed claims, and not when the new claims depend upon events

16   separate in 'both time and type' from the originally raised episodes." <u>Id.</u> at 657.

17        Here, the court must determine whether any of petitioner's claims in his third amended

18   petitioner relate back to any of his previously timely filed claims.  Petitioner's first amended

19   petition completely replaced the original petition, see <u>Sechrest v. Ignacio</u>, 549 F.3d 789, 804 (9th

20   Cir. 2008), and was timely filed within the AEDPA statute of limitations.[5]

21        The claims raised in petitioner's first amended petition are as follows: (1) the

22

23        [5] Although Rule 15(c) expressly refers to the "original pleading," petitioner's original
     petition did not give respondent fair notice of his claims because most of petitioner's claims
24   were dismissed for failing to state a claim at all.  The Rules adopt a flexible pleading policy,
     particularly for pro se litigants, and must give fair notice of the claims by stating the factual and
25   legal elements of each claim in a short, plain, and succinct manner.  <u>See</u> Fed. R. Civ. P. 8(a).
     The Federal Rules require merely that pleadings "give the defendant fair notice of what the
26   plaintiff's claim is and the grounds upon which it rests."  <u>Cf.</u> <u>Baldwin v. County Welcome
     Center v. Brown</u>, 466 U.S. 147, 150 n.3 (1984).  In light of the purpose of Rule 15(c), the court
27   declines to read the phrase "original pleading" narrowly to limit it to the originally filed petition.

28

Order Granting in Part and Denying in Part Respondent's Motion to Dismiss as Untimely; Further Scheduling Order
P:\PRO-SE\SJ.Rmw\HC old\Hc.02\Johnson632mtdtime.wpd

prosecutor's use of peremptory challenges to excuse two African American jurors violates race-neutral restrictions in jury selection; (2) the trial court erred in sentencing petitioner to the upper term rather than the mid term for the enhancement; (3) the trial court erred in denying petitioner's motion pursuant to CA Penal Code § 995 because there was insufficient evidence presented at the preliminary hearing; (4) the trial court erred in denying petitioner's motion to introduce evidence of third party culpability; (5) the trial court erred in denying petitioner's motion to strike gang enhancements and exclude evidence of gang activity and gang expert testimony; (6) the trial court erred in denying petitioner's motion to exclude the in-court identification; (7) the trial court erred in denying petitioner's motion for judgment of acquittal; (8) the trial court refused to give proposed defense jury instructions 2, 3, 4, 5, and 6; (9) the trial court erred in giving the prosecution's special jury instruction #1; (10) the trial court erroneously modified CALJIC numbers 9.00, 9.01, and 9.02 and the transferred intent doctrine; and (11) the trial court erred in denying petitioner's motion for bail pending appeal.

The claims raised in petitioner's third amended petition are as follows: (1) petitioner's right to a jury trial was violated when the trial court imposed illegal sentencing enhancements; (2)  the prosecutor's use of peremptory challenges to excuse two African American jurors violates race-neutral restrictions in jury selection; (3) the trial court erred in sentencing petitioner to the upper term rather than the mid term for the enhancement; (4) the trial court erred in denying petitioner's motion to strike gang enhancements and exclude evidence of gang activity and gang expert testimony; (5) the trial court erred in denying petitioner's motion to exclude the in-court identification; (6) the trial court erred in denying petitioner's motion for judgment of acquittal; (7)  the trial court refused to give proposed defense jury instructions 2, 3, 4, 5, and 6; (8) the trial court erred in giving the prosecution's special jury instruction #1; (9) the trial court erroneously modified CALJIC numbers 9.00, 9.01, and 9.02 and the transferred intent doctrine; (10) ineffective assistance of appellate counsel; and (11) insufficient evidence of an ability to pay restitution.

A comparison of the claims in the first amended and third amended petitions

1  demonstrates that claims 2-9 in petitioner's third amended petition relate back to the timely filed

2  first amended petition because they are "tied to a common core of operative facts." <u>Mayle</u>, 545

3  U.S. at 659.  Conversely, claims 1, 10, and 11 "depend upon separate transactions and do not

4  share a common core of operative fact."  <u>Hebner v. McGrath</u>, 543 F.3d 1133, 1139 (9th Cir.

5  2008). These claims are clearly "separated in time and type" from the claims in petitioner's

6  timely first amended petition.

7  　　　Accordingly, the court GRANTS respondent's motion to dismiss in part and dismisses

8  claims 1, 10, and 11 as untimely.  Because the remaining claims "relate back" to timely filed

9  claims, the court DENIES respondent's motion to dismiss as to those claims and issues a further

10  scheduling order.

11  　　　　　　　　　　　　　　　**CONCLUSION**

12  　　　Respondent's motion to dismiss the petition (docket no. 30) is GRANTED in part and

13  DENIED in part.  Claims 1, 10, and 11 are DISMISSED as untimely.

14  　　　Respondent shall file with the court and serve on petitioner, within **ninety days** of the

15  date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

16  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

17  Respondent shall file with the answer and serve on petitioner a copy of all portions of the

18  underlying state criminal record that have been transcribed previously and that are relevant to a

19  determination of the issues presented by the petition.  If petitioner wishes to respond to the

20  answer, he shall do so by filing a traverse with the court and serving it on respondent within

21  **thirty days** of the date the answer is filed.

22  　　　Alternatively, respondent may file a motion to dismiss on procedural grounds in lieu of

23  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

24  Section 2254 Cases within **ninety days** of the date this order is filed.  If respondent files such a

25  motion, petitioner shall file with the court and serve on respondent an opposition or statement of

26  non-opposition within **thirty days** of the date the motion is filed, and respondent **shall** file with

27  the court and serve on petitioner a reply within **fifteen days** of the date any opposition is filed.

28

Order Granting in Part and Denying in Part Respondent's Motion to Dismiss as Untimely; Further Scheduling Order
P:\PRO-SE\SJ.Rmw\HC old\Hc.02\Johnson632mtdtime.wpd

1    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all

2  communications with the court must be served on respondent by mailing a true copy of the

3  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

4  change of address by filing a separate paper captioned "Notice of Change of Address."  He must

5  comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal

6  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7    This order terminates docket no. 30.

8    IT IS SO ORDERED.

9  Dated:    6/29/10
                                    _____
10                                   RONALD M. WHYTE
                                    United States District Judge