IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAI JOHNSON,<br><br>   Petitioner,<br><br> vs.<br><br>JOHN W. HAVILAND, Warden,<br><br>   Respondent. | No. C 02-4632 RMW (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 24, 2009, the court received petitioner's third amended petition. On March 30, 2012, the court denied in part the petition for writ of habeas corpus, and reserved ruling on the remaining claim – whether petitioner was denied equal protection under Batson v. Kentucky, 476 U.S. 79 (1986). The court ordered further briefing from the parties. Having received and considered respondent's supplemental answer, petitioner's supplemental traverse, and respondent's second supplemental answer, the court DENIES the petition.

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

Order Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\RMW\HC old\Hc.02\Johnson632denhcbatson.wpd

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El, 537 U.S. at 340.

In determining whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision.

Order Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\RMW\HC old\Hc.02\Johnson632denhcbatson.wpd

1  LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir. 2000). Here, that decision is the California
2  Court of Appeal.
3  B.    Petitioner's Claim
4       Petitioner claims that his right to equal protection was violated because the prosecutor
5  used peremptory challenges to exclude African American jurors from the jury based solely on
6  their race. After concluding that the trial court erred in finding no prima facie case of
7  discrimination, this court ordered further briefing on whether the prosecutor's strikes were
8  substantially motivated by discriminatory intent.
9       1.    State court proceedings
10       At trial, the prosecutor made three peremptory challenges against three African
11  Americans prospective jurors. After these challenges, petitioner made a Wheeler[1] motion,
12  People v. Wheeler, 22 Cal. 3d 258 (1978), observing that three of the prosecution's eight
13  peremptory challenges had been against African Americans. (Resp. Ex. 2, RT 167.) The
14  prosecutor noted that two African Americans remained on the jury. (Resp. Ex. 2, RT 168.)
15  Reserving the question of whether petitioner had made a prima facie case of discrimination, the
16  trial court asked the prosecutor to state his reasons for excluding the three African American
17  jurors.[2]
18       Regarding the first, Cynthia Martin ("Ms. Martin"), the prosecutor stated that he never
19  leaves postal workers such as Ms. Martin on juries because, from his experience, and the
20  experience of other deputy district attorneys, "of all the career categories that are least
21  sympathetic to law enforcement, least sympathetic to the prosecution, postal workers is [*sic*] No.
22  1." (Resp. Ex. 2, RT 170-71.) The prosecutor also commented that he factored into his decision
23  that Ms. Martin's sister had been arrested for a drug offense, that she expressed feelings of being

---

[1] People v. Wheeler, 583 P.2d 748 (Cal. 1978), is Batson's California analog.

[2] Because petitioner only challenges the prosecution's striking of two jurors, Ms. Martin and Mr. Younger, the court will not discuss the striking of the third juror.

Order Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\RMW\HC old\Hc.02\Johnson632denhcbatson.wpd

3

"gang-neutral," and that she appeared to have better "body language" toward petitioner's counsel than toward him. (Resp. Ex. 2, RT 170-72.)

Regarding the third juror, Kevin Younger ("Mr. Younger"), the prosecutor stated that he was not able to establish any rapport with Mr. Younger. (Resp. Ex. 2, RT 175.) The prosecutor explained that Mr. Younger was friendly to him earlier in the day. (Id.) However, after the prosecutor exercised a peremptory strike against another juror in the afternoon, the prosecutor felt that Mr. Younger resented him for that strike. (Id. at 175-76.) In addition, the prosecutor indicated his concern that Mr. Younger worked for the Berkeley Unified School District, which was generally a very liberal area, and is "not particularly one that you can expect to have a lot of people who are sympathetic to law enforcement, at least in these types of cases." (Resp. Ex. 2, RT 176.)

The trial court denied the motion, finding that petitioner failed to show a "strong likelihood" that there was a prima facie case to support a Wheeler motion when three African Americans were excluded based on their race, one of which was almost stricken for cause. (Resp. Ex. 2, RT 182.) Alternatively, the trial court concluded that the prosecution's explanations for striking the jurors were race-neutral and were "acceptable use[s] of a challenge." In particular, the court commented that, as to Ms. Martin, the theory that postal workers made "poor prosecution jurors" was, in the court's personal experience, a common theory. (Id. at 183.) As to Mr. Younger, the court noted that Mr. Younger's connection to a place known for its liberal views is also an acceptable use of a peremptory challenge. On appeal, the California Court of Appeal found that the trial court's determination that petitioner failed to demonstrate a prima facie case of discrimination was erroneous. (Resp. Ex. 6 at 4.) The court stated that the "strong likelihood" standard was synonymous with the "reasonable inference" standard. (Id.) The appellate court went on to conclude that the prosecutor's reasons for excluding both Ms. Martin and Mr. Younger appeared genuine and race-neutral, and affirmed the denial of the Wheeler motion. (Id. at 5.)

2. <u>Law</u>

<u>Batson</u> held that the Equal Protection Clause forbids the challenging of potential jurors solely on the basis of race. 476 U.S. at 89. <u>Batson</u> challenges involve a three-step inquiry. <u>Rice v. Collins</u>, 546 U.S. 333, 338 (2006). First, the defendant must make a prima facie showing that the prosecutor has exercised a peremptory challenge based on race. <u>Id.</u> If this showing is made, the burden the shifts to the prosecutor to offer a race-neutral explanation for the strike. <u>Id.</u> Finally, the court evaluates "the persuasiveness of the justification proffered by the prosecutor" to decide whether the defendant has shown purposeful discrimination. <u>Id.</u> (internal quotation marks omitted). Ultimately, the defendant has the burden of persuading the court that the strike was racially motivated. <u>Id.</u> (citing <u>Purkett v. Elem</u>, 514 U.S. 765, 768 (1995)).

A state court's ruling on whether a criminal defendant established a prima facie case of prosecutorial discrimination is entitled to a presumption of correctness on federal habeas review. See <u>Tolbert v. Page</u>, 182 F.3d 677, 685 (9th Cir. 1999) (en banc). But no presumption of correctness is in order if the state court did not use the correct legal standard for determining whether defendant established a prima facie case of prosecutorial discrimination. See <u>Fernandez v. Roe</u>, 286 F.3d 1073, 1077 (9th Cir. 2002) (no presumption of correctness for decision that referred to California <u>Wheeler</u> standard which applied wrong prima facie legal standard). However, "[o]nce a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant has made a prima facie showing becomes moot." <u>Hernandez v. New York</u>, 500 U.S. 352, 359 (1991).

3. <u>Analysis</u>

Petitioner claims that the California courts unreasonably determined that the prosecutor did not engage in purposeful discrimination. He argues that a comparative juror analysis demonstrates that the prosecutor's reasons for challenging Ms. Martin and Mr. Younger were not race-neutral. Petitioner's claim does not warrant federal habeas relief.

In deciding if the defendant has carried his burden of persuasion at Batson's third step, "a court must undertake a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." Batson, 476 U.S. at 93 (internal quotation marks omitted). The "totality of the relevant facts" includes the "prosecutor's statements about his jury selection strategies and his explanations . . . for striking minority jurors" as well as "the characteristics of people he did not challenge." Kesser v. Cambra, 465 F.3d 351, 360 (9th Cir. 2006) (en banc). As part of its evaluation of the prosecutor's reasoning, the court must conduct a comparative juror analysis – that is, it must "compar[e] African American panelists who were struck with those non-African American panelists who were allowed to serve." Briggs v. Grounds, 682 F.3d 1164, 1170 (9th Cir. 2012). Where the prosecutor's reasons for striking a black juror applies "just as well" to a non-black juror who is selected for the panel, "that is evidence tending to prove purposeful discrimination" that should be considered in assessing the genuineness of the prosecutor's proffered explanations. Miller-El v. Dretke, 545 U.S. 231, 241 (2005).

When evaluating the persuasiveness of the prosecutor's justifications at Batson's third step, the trial judge is making a credibility determination. Although the prosecutor's reasons for the strike must relate to the case to be tried, the court need not believe that "the stated reason represents a sound strategic judgment" to find the prosecutor's rationale persuasive; rather, it need be convinced only that the justification "should be believed." Kesser, 465 F.3d at 359 (quoting Hernandez, 500 U.S. at 365). Because "it is widely acknowledged that the trial judge is in the best position to evaluate the credibility of the prosecutor's proffered justifications," due deference must be accorded to the trial judge's determination. Briggs, 682 F.3d at 1171. Indeed, even if "[r]easonable minds reviewing the record might disagree about the prosecutor's credibility, . . . on habeas review that does not suffice to supersede the trial court's credibility determination." Rice, 546 U.S. at 341-42.

A state court's finding that the prosecutor did not engage in purposeful discrimination is reviewed under the deferential standard set forth in 28 U.S.C. § 2254(d)(2). See Briggs, 682 F.3d at 1170. "Thus, a state court's decision will be upheld unless it was 'based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Jamerson v. Runnels, 713 F.3d 1218, 1225 (9th Cir. 2013) (quoting 28 U.S.C. § 2254(d)(2)). Indeed, in evaluating habeas petitions premised on a Batson violation, "our standard is doubly deferential: unless the state appellate court was objectively unreasonable in concluding that the trial court's credibility determination was supported by substantial evidence, we must uphold it." Briggs, 682 F.3d at 1170 (citing Rice, 546 U.S. at 338-42). "This is because the question of discriminatory intent 'largely will turn on evaluation of credibility' and 'evaluation of the prosecutor's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province.'" Jamerson, 713 F.3d at 1225 (quoting Hernandez, 500 U.S. at 365).

If a state court did not perform a comparative analysis, the district court must do so in the first instance. Id. at 1225. Then, the district court should reevaluate the state court decision in light of the comparative analysis and other relevant evidence tending to show purposeful discrimination in order to determine whether the state court was unreasonable in its conclusion that the prosecutor's race-neutral justifications were genuine. Id.

Here, the prosecutor proffered that the main reason he struck Ms. Martin was because she was a postal worker. The prosecutor explained that, "I have yet to find a postal worker employee who impresses me as someone who would be sympathetic to law enforcement." (Resp. Ex. 2, RT 171.) Petitioner has not identified any other potential juror – black or otherwise – who was employed as a postal worker, much less not challenged by the prosecutor. As additional reasons for striking Ms. Martin, the prosecutor indicated that her sister was arrested for a drug offense and opined that she was gang-neutral. (Resp. Ex. 2, RT 171.) After reviewing the voir dire transcripts and questionnaires, the court did not find – and petitioner does not point to – any other juror who was not black, who was similarly situated to Ms. Martin, and remained on the jury. For these reasons, the state court was not unreasonable in concluding that the prosecutor did not have a discriminatory motive to challenge Ms. Martin.

1    Regarding Mr. Younger, the prosecutor stated that Mr. Younger had an unpleasant
2 experience with law enforcement (Resp. Ex. 2, RT 175) and the prosecutor was concerned about
3 a strong emotional response (id., RT 176); the prosecutor felt he was unable to establish a
4 personal rapport with Mr. Younger; and the prosecutor believed that employees of Berkeley
5 Unified School District tended to not be particularly sympathetic to law enforcement.  After
6 reviewing the voir dire transcripts and questionnaires, the court did not find – and petitioner does
7 not persuasively point to – any other juror who was not black, similarly situated to Mr. Younger,
8 and remained on the jury.
9    Thus, after conducting a comparative juror analysis, nothing in the record suggests that
10 the state courts unreasonably found the prosecutor's justifications for excusing Ms. Martin and
11 Mr. Younger to be genuine and not pretextual.  See Briggs, 682 F.3d at 1170 ("[W]e must defer
12 to the California court's conclusion that there was no discrimination unless that conclusion 'was
13 based on an unreasonable determination of the facts.").  Petitioner is not entitled to federal
14 habeas relief on his Batson claim.  See Rice, 546 U.S. at 341-42 (even if "[r]easonable minds
15 reviewing the record might disagree about the prosecutor's credibility, . . . on habeas review that
16 does not suffice to supersede the trial court's credibility determination").

## CONCLUSION

18    For the reasons set forth above, the petition for writ of habeas corpus is DENIED.  The
19 clerk shall terminate all pending motions and close the file.  The federal rules governing habeas
20 cases brought by state prisoners require a district court that denies a habeas petition to grant or
21 deny a certificate of appealability ("COA") in its ruling.  Petitioner has failed to make a
22 substantial showing that his claims amounted to a denial of his constitutional rights, or
23 demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong.
24 Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

   IT IS SO ORDERED.

DATED: Ï ⊞⊞H

RONALD M. WHYTE
United States District Judge

Order Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
G:\PRO-SE\RMW\HC old\Hc.02\Johnson632denhcbatson.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHNSON,

         Plaintiff,

  v.

HAVILAND,

         Defendant.

Case Number: CV02-04632 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 1, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jamai Johnson P84615
B2-15-5U
CSATF/ State Prison-Corcoran
P.O. Box 5248
Corcoran, CA 93212

Dated: July 1, 2013

                               Richard W. Wieking, Clerk
                               By: Jackie Lynn Garcia, Deputy Clerk